covery could be had, notwithstanding the provision of the policy; the court saying:

"The provision in the policy making the person who procures the insurance 'the agent of the assured in all transactions relating to the insurance' cannot be construed to mean that such person shall be agent to receive notice of the termination of the insurance at any time during the life of the policy. It plainly refers to the original transaction connected with obtaining it."

Here whether Carroll, in accepting the premium, acted as the agent of the insurance company or of the defendant was a question of fact, to be determined by the trial court. Greenwich Ins. Co. v. Union Dredging Co., 14 Daly, 237. It having found that he was the agent of the insurance company and there being proof sufficient to sustain the finding, the judgment appealed from must be affirmed.

The determination of the Appellate Term is therefore affirmed, with costs. All concur, except INGRAHAM, J., who dissents.

(110 App. Div. 874)

### In re CHOATE'S WILL.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

WILLS—EXECUTION—CONDITION OF TESTATRIX.

When the instrument purporting to be the last will of testatrix was presented to her, she was in a dying condition. At her house were assembled persons in various ways connected with her. There was testimony that testatrix was forcibly awakened out of a stupor; that the instrument was read to her and she was asked to sign it; that her mind was in a wandering state, and she made some reference to her mother, who was deceased, not being provided for, and then fell asleep; that she was again awakened, and apparently forgot, or did not understand, what was being required of her. *Held* sufficient to warrant the surrogate in refusing probate to the instrument.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 144, 147, 152.]

Appeal from Surrogate's Court, New York County.

In the matter of proving the last will and testament of Sarah J. Hassett Choate, deceased. Appeal from a decree admitting a will to probate, and refusing probate to one purporting to be a later will. Affirmed.

See 94 N. Y. Supp 176.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and HOUGHTON, JJ.

Roger Foster, for appellant.
James C. Bushby, for respondents.

PATTERSON, J.    Margaret G. Ronayne, individually and as executrix (so styling herself), appeals from a decree of the Surrogate's Court of the county of New York, which refused probate of a document purporting to be the last will and testament of Sarah J. Hassett Choate, deceased, executed on March 26, 1904, and which admitted to probate a prior will, which Mrs. Choate had executed May 7, 1903. Mrs. Choate was a childless widow, and at the time of her death was 66 years old. Two writings, each purporting to be her will, were presented to the

surrogate for probate. The earlier paper was admitted, and the later one rejected. The issue before the surrogate was as to the testamentary capacity of the testatrix at the time of the execution of the later instrument. The opinion of the surrogate is very satisfactory, based, as it is, upon a careful review of all the evidence concerning what occurred at the residence of Mrs. Choate on the evening of March 26, 1904, when the rejected instrument was executed.

Without going over the evidence in detail, we are convinced, as the surrogate was, that on March 26, 1904, the testatrix was not in a mental condition to understand what was in the paper she signed, or to appreciate her situation and surroundings. The account given in the testimony of the witnesses of what occurred on the evening of the execution of the rejected instrument was sufficient to authorize the surrogate to refuse probate to that paper. It clearly appears that, when it was presented to Mrs. Choate on that evening, she was in a dying condition. At her house were assembled persons in various ways connected with her, and their conduct was so violent that the sick and dying woman asked that police interference be had. It appears by the testimony of Mrs. Murray that the decedent was forcibly awakened out of a stupor, that the rejected instrument was read to her, and she was asked to sign it. Her mind was in a wandering state, and she made some reference to her deceased mother not being provided for, and then fell asleep. She was again awakened, and after persuasion induced to sign the paper, and apparently forgot or did not understand what was being required of her. The learned surrogate properly remarks that on March 26, 1904, when the rejected paper was executed, it was perfectly apparent that the testatrix did not comprehend her situation, for she did not recall the fact that her mother was dead, and she objected to the will because no provision was made for her mother.

A perusal of the record satisfies us that on the facts the surrogate's decision was correct, and the decree should be affirmed, with costs. All concur